**OFFICE OF THE PRESIDENT**
**ARIZONA STATE SENATE**
Gregrey G. Jernigan (003216)
1700 W. Washington Street, Suite S
Phoenix, AZ  85007-2844
(P): 602-926-4731; (F): 602-926-3039
gjernigan@azleg.gov

**OFFICE OF THE SPEAKER**
**ARIZONA HOUSE OF REPRESENTATIVES**
Peter A. Gentala (021789)
1700 W. Washington Street, Suite H
Phoenix, AZ 85007-2844
(P): 602-926-5544; (F): 602-417-3042
pgentala@azleg.gov

**DAVIS MILES MCGUIRE GARDNER, PLLC**
Joshua W. Carden (021698)
80 E. Rio Salado Parkway, Suite 401
Tempe, AZ 85281
(P): 480-733-6800; (F): 480-733-3748
jcarden@davismiles.com; efile.dockets@davismiles.com

*Attorneys for Plaintiff Arizona State Legislature*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona State Legislature,<br><br>                     Plaintiff,<br><br>          v.<br><br>Arizona Independent Redistricting Commission, and Colleen Mathis, Linda C. McNulty, José M. Herrera, Scott D. Freeman, and Richard Stertz, members thereof, in their official capacities; Ken Bennett, Arizona Secretary of State, in his official capacity,<br><br>                     Defendants. | No. CV-12-01211-PHX-PGR<br><br>**FIRST AMENDED COMPLAINT**<br><br><br>**Apportionment Matter:**<br>**Three-Judge Panel Requested**<br>**Pursuant to 28 U.S.C. § 2248** |

1    For its First Amended Complaint, the Arizona State Legislature alleges as
2    follows:

3                              **NATURE OF THE ACTION**

4    1.    The Elections Clause of the United States Constitution delegates the
5    authority over the redistricting of congressional districts to the Legislatures of the
6    States.  Contrary to this constitutional delegation, Proposition 106 (adopted in 2000)
7    amended the Arizona Constitution – removing that authority from the Arizona State
8    Legislature ("Legislature") and vesting it instead with the "Independent Redistricting
9    Commission" ("IRC").  The Legislature brings this action requesting the Court to a)
10   declare that Proposition 106 is unconstitutional to the extent it removes congressional-
11   redistricting authority from the Legislature, b) declare that the congressional district
12   maps adopted by the IRC are unconstitutional, and c) enjoin the Defendants from
13   enforcing or implementing any congressional redistricting plan from the IRC beginning
14   the day after the 2012 congressional election is held in Arizona.  Though the Legislature
15   seeks permanent injunctive relief, it does not seek immediate relief as to the 2012
16   congressional election because the current IRC plan has already been certified and the
17   2012 election cycle is already well underway.

18                                     **PARTIES**

19   2.    Plaintiff Arizona State Legislature is the elected-representative portion of
20   the legislative authority of the State of Arizona.  Ariz. Const. art. IV, pt. 1 § 1.  The
21   Legislature consists of the thirty-member State Senate and the sixty-member House of
22   Representatives.  On May 2, 2012, both chambers authorized the filing of this action by
23   majority vote.  *See* Exhibit A (excerpts from the Journals of the Senate and House).  The
24   Legislature is directly elected by the People of Arizona.

25   3.    Defendant IRC is a commission established "to provide for the
26   redistricting of congressional and state legislative districts." Ariz. Const. art IV, pt. 2, §

1    1 (¶ 3).  The IRC can sue and be sued in "legal actions regarding [its] redistricting

2    plan."  *Id*. § 1 (¶ 20).  The IRC consists solely of unelected appointees.

3         4.     Defendants Colleen Mathis, Linda C. McNulty, José M. Herrera, Scott D.

4    Freeman, and Richard Stertz currently hold office as members of the IRC and are

5    named herein as defendants solely in their official capacities.  All of these defendants

6    reside within the District of Arizona.

7         5.     Defendant Ken Bennett currently holds the office of Arizona Secretary of

8    State, and is charged with certain official duties with respect to the conduct of Arizona

9    elections, including receiving certified legislative and congressional districts from the

10   IRC.  Ariz. Const. art. IV, pt. 2, §1 (¶ 17).  Defendant Bennett is named herein solely in

11   his official capacity in view of his election responsibilities.

12   **JURISDICTION**

13        6.     This court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1367,

14   2201, 2202, and 2284.

15   **VENUE**

16        7.     Venue is proper in the District of Arizona under 28 U.S.C. § 1391.

17   **THREE-JUDGE PANEL REQUESTED**

18        8.     Because this is an action "challenging the constitutionality of the

19   apportionment of congressional districts," the Legislature requests that a three-judge

20   court be convened pursuant to 28 U.S.C. § 2284 to try this action and to conduct all

21   other proceedings as required by law.

22   **FACTS**

23   **Redistricting Prior to Proposition 106**

24        9.     The United States Constitution mandates that the times, places, and

25   manner of congressional elections "shall be prescribed in each State by the Legislature

26   thereof. . . ."  U.S. Const. Art. I, § 4, cl. 1 (the "Elections Clause").

10.    From 1912 to 2000, the Arizona Constitution recognized that the responsibility and authority of establishing both congressional and legislative district lines resided in the Legislature.  Ariz. Const. art. XXII, § 12; art. IV, pt. 1, § 1 (West Historical Notes).

11.    Prior to 2000, the Legislature established congressional lines in the following manner:

a.    Redistricting measures were introduced as proposed legislation.

b.    The proposed redistricting legislation was reviewed, and debated in a bi-partisan, joint committee on redistricting.

c.    The proposed redistricting legislation, along with any recommended committee amendments, was recommended to the body as a whole, which had the power to either approve the recommendations of the joint committee or make any other changes.

d.    Proposed redistricting legislation was read on three separate days on the floor, and after final passage, it was sent to the Governor for approval or disapproval, in accordance with Article IV, part 2, section 12 of the Arizona Constitution.

e.    The Governor had the authority to approve, disapprove, or take no action on redistricting legislation.  Ariz. Const. art. IV, pt. 2, § 12; art. V, § 7.

12.    Not since 1981 has an Arizona Governor disapproved of redistricting legislation.  In that year, Governor Bruce Babbitt vetoed legislative and congressional district lines approved by the Legislature.  The Legislature called itself into special session and overrode the Governor's veto, pursuant to Article V, section 7 of the Arizona Constitution.

**In 2000, Proposition 106 Removed the Legislature and the Governor from the Redistricting Process**

13.     On September 13, 1999, an organization identified as "Fair Districts, Fair Elections c/o Arizona Common Cause, Inc." filed an application with the Office of the Arizona Secretary of State to circulate initiative petitions.

14.     On July 6, 2000, "Fair Districts, Fair Elections" successfully filed its eponymous initiative petition with the Arizona Secretary of State.  Arizona Secretary of State, 2000 General Election: Ballot Measures, "Fair Districts, Fair Elections" http://www.azsos.gov/election/2000/General/ballotmeasures.htm (last visited June 4, 2012).

15.     The application included the following short title:

> This citizen-sponsored Arizona Constitutional amendment will create a new "citizens' independent redistricting commission" to draw new legislative and congressional district boundaries after each U.S. Census. This amendment takes the redistricting power away from the Arizona Legislature and puts it in the hands of a politically neutral commission of citizens who are not active in partisan politics and who will serve without pay to create fair districts that are not "gerrymandered" for any party's or incumbent's advantage.

*Id.*

16.     The Arizona Secretary of State designated the measure as Proposition 106 ("Prop. 106") and placed Prop. 106 on the 2000 general election ballot.

17.     The measure passed with 56% of applicable votes cast.  Arizona Secretary of State, *State of Arizona Official Canvass* (2000), http://www.azsos.gov/election/2000/General/Canvass2000GE.pdf (last visited June 7, 2012).

18.     Prop. 106 amends Article IV, part 2, § 1 of the Arizona Constitution by striking language, adding language to pre-existing paragraphs, and inserting twenty-one new paragraphs. *See* Arizona Secretary of State, Ballot Propositions & Judicial

Performance Review: November 7, 2000 General Election 54-55 (2000), http://www.azsos.gov/election/2000/Info/pubpamphlet/english/prop106.pdf (last visited June 7, 2012).

19.    Prop. 106 removes entirely from the Legislature the authority to prescribe legislative and congressional district lines and reassigns that authority wholly to the IRC – a new entity created by Prop. 106.

20.    Prop. 106 also prescribes the process by which the IRC members are appointed and the process and procedures by which the IRC is to establish legislative and congressional district lines.

21.    Prop. 106 eliminates entirely the Legislature's prescriptive role in congressional redistricting, and creates a new and extremely limited role:

    a.    An opportunity to submit nonbinding recommendations to the IRC (Ariz. Const. art. IV, pt. 2, § 1 (¶ 16)); and

    b.    The obligation to make appropriations for the operation of the IRC (*Id*. at § 1 (¶ 18)).

22.    Prop. 106 gives each of the individual leaders of the Legislature—the Speaker and Minority Leader of the House of Representatives and the President and Minority Leader of the State Senate—one appointment to the five-member IRC.  *Id*. at §1 (¶ 6).

23.    The four legislative leaders must choose their four appointments from a pool of only ten persons created by the Commission on Appellate Court Appointments ("Appellate Commission").  *Id*. at § 1 (¶ 5). The Commission on Appellate Court Appointments is an appointed body that exists to screen nominees to Arizona's state-appellate courts, and submit those nominees to the Governor for appointment.  Ariz. Const. art. VI. §§ 36 and 37.

24.    If a legislative leader fails to make an appointment in the prescribed time

frame, the Appellate Commission makes the appointment instead.  Ariz. Const art. IV, pt. 2, § 1 (¶ 7).

25.     The four appointed members of the IRC must then choose their own fifth and final member from a pool of only five persons created by the Appellate Commission.  *Id.* at § 1 (¶ 8).  If the four members of the IRC fail to select a fifth member, the Appellate Commission makes the selection instead.  *Id.*

26.     Once appointed, members of the IRC can only be removed by the Governor with concurrence of two-thirds of the Senate for "substantial neglect of duty, gross misconduct in office, or inability to discharge the duties of office."  *Id.* at § 1 (¶ 10).

### The IRC Certifies a New Congressional District Map in Arizona For 2012 and Beyond

27.     On January 17, 2012, the IRC approved a "final congressional map" and forwarded it to the U.S. Department of Justice for preclearance.  The same day, the IRC certified the congressional districts to the Arizona Secretary of State.

28.     On April 9, 2012, the Department of Justice precleared the IRC's congressional maps.

29.     Under the framework of Prop. 106, the Arizona Secretary of State must use the IRC's congressional maps to conduct the congressional elections in 2012 and thereafter, until a new IRC is chosen in 2021.  Ariz. Const. art. IV., pt. 2, § 1 (¶¶ 5, 17, and 23).

### 2012 Election Deadlines

30.     The last day for candidates to file nomination petitions for the 2012 Primary Election was May 30, 2012.  Ariz. Rev. Stat. § 16-311.

31.     The Primary Election will be held on August 28, 2012.  Early voting begins on August 2, 2012.

32.     By law, the last day to transmit ballots to registered absent uniformed services voters and overseas voters is 45 days before the Primary Election, or July 14, 2012.  Ariz. Rev. Stat. § 16-543.

## CLAIM FOR RELIEF

33.     Plaintiff adopts herein by reference all allegations of all preceding paragraphs.

34.     An actual controversy exists within this Court's jurisdiction that would be resolved by a declaration of the rights and other legal relations of the parties in this action – namely, that Prop. 106 violates the Elections Clause of the United States Constitution.

35.     The authority to prescribe the times, places, and manner of congressional elections arises exclusively under the Elections Clause of the United States Constitution. The States do not have the inherent authority to regulate federal elections.

36.     The Constitution delegates and conveys the authority to prescribe the times, places, and manner of congressional elections only to "the Legislature" of "each state."  U.S. Const. art. I, § 4, cl. 1. This delegation is a broad grant of power to the Legislature to prescribe the means by which congressional elections are held.

37.     The word "Legislature" in the Elections Clause means the representative body which makes the laws of the people.

38.     No State can constitutionally divest its Legislature entirely of the redistricting authority conveyed by Article I, Section 4.

39.     Yet Prop. 106 removes entirely the constitutionally-delegated authority over prescribing the boundaries of congressional districts from the Arizona Legislature. In so doing, Prop. 106 conflicts directly with the United States Constitution and is therefore preempted, null and void.

40.     Plaintiff is therefore entitled to judgment declaring that the provisions of Proposition 106 concerning congressional redistricting are null and void.

41.     Plaintiff is therefore further entitled to judgment declaring that the congressional district maps adopted by the IRC are null and void.

42.     Plaintiff is further entitled to a permanent injunction restraining adoption, implementation, or enforcement of any congressional district map created under Prop. 106, beginning the day after the 2012 general election.

## RELIEF REQUESTED

The Legislature respectfully requests that the Court award it the following relief against all Defendants by:

A.     Declaring that Proposition 106 violates the Elections Clause of the United States Constitution insofar as it removes the authority to prescribe the times, places, and manner of congressional elections from the Arizona Legislature, and therefore is preempted, null and void;

B.     Declaring that the congressional district maps adopted by the IRC are unconstitutional and therefore null and void;

C.     Enjoining Defendants and each of them permanently from adopting, implementing or enforcing any congressional map created under Proposition 106 beginning the day after the 2012 congressional election in Arizona, and

D.     Awarding Plaintiff such other relief as is just, proper, or equitable under the facts and circumstances of this case.

1   DATED on July 20, 2012.

2

3                                         ARIZONA STATE LEGISLATURE

4                                  By:    /s/ Joshua W. Carden

                                          Joshua W. Carden (021698)
5                                         DAVIS MILES MCGUIRE GARDNER, PLLC
                                          80 E. Rio Salado Parkway
6                                         Tempe, Arizona 85281
                                          (P): 480-733-6800; (F): 480-733-3748
7                                         jcarden@davismiles.com

8                                  By:    /s/ Gregrey G. Jernigan with permission

9                                         Gregrey G. Jernigan (003216)
                                          OFFICE OF THE PRESIDENT
10                                        ARIZONA STATE SENATE
                                          1700 W. Washington Street, Suite S
11                                        Phoenix, AZ  85007-2844
                                          (P): 602-926-4731; (F): 602-926-3039
12                                        gjernigan@azleg.gov

13

14                                 By:    /s/ Peter A. Gentala with permission

                                          Peter A. Gentala (021789)
15                                        OFFICE OF THE SPEAKER
                                          ARIZONA HOUSE OF REPRESENTATIVES
16                                        1700 W. Washington Street, Suite H
                                          Phoenix, Arizona 85007-2844
17                                        (P): 602-926-5544; (F): 602-417-3042
                                          pgentala@azleg.gov
18

19

20                                        *Attorneys for Plaintiff Arizona State
                                          Legislature*

21

22

23

24

25

26

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 20, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF to the following:

Mary R. O'Grady
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
*Attorney for Defendants*

Joseph A. Kanefield
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorney for Defendants*

Michele L. Forney
Arizona Attorney General
1275 W. Washington St.
Phoenix, AZ 85007
*Attorney for Defendant Ken Bennett*

<u>/s/ Kelly Labadie</u>