**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona State Legislature,<br><br>    Plaintiff,<br><br>  vs.<br><br>Arizona Independent Redistricting Commission, et al.,<br><br>    Defendants. | No. CV-12-01211-PHX-PGR<br><br>ORDER |

Pending before the Court is the AIRC Defendants' Motion for Reconsideration of the Court's June 13, 2012 Order Granting Plaintiff's Motion to Convene a Three-Judge Statutory Court (Doc. 9), filed pursuant to LRCiv 7.2(g).  Having considered the parties' memoranda in light of the allegations of the First Amended Complaint (Doc. 12), the Court finds that the motion should be denied.

In its First Amended Complaint ("FAC")[1], plaintiff Arizona State Legislature alleges that Arizona's method of redistricting congressional districts violates the

---

[1] While the reconsideration motion was initially directed at the original complaint, the FAC was filed contemporaneously with the plaintiff's response to the motion and the AIRC defendants' reply was directed at the FAC.  The Court thus deems the FAC to be the applicable complaint for purposes of the motion's resolution.

Elections Clause of the United States Constitution, which provides in relevant part that "[t]he Times, Places and Manner of Holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof[.]" U.S. Const. art I, § 4, Cl. 1. The gist of the FAC's constitutional claim is that the state's redistricting process, as added to the Arizona Constitution in 2000 through Proposition 106, is unconstitutional because it removes from the state legislature the authority to prescribe congressional district lines and reassigns that authority to the Arizona Independent Redistricting Commission ("AIRC"). The FAC, which names as defendants the AIRC and its five members and the Arizona Secretary of State, requests the Court to

> a) declare that Proposition 106 is unconstitutional to the extent that it removes congressional-redistricting authority from the Legislature, b) declare that the congressional district maps adopted by the IRC are unconstitutional, and c) enjoin the Defendants from enforcing or implementing any congressional redistricting plan from the IRC beginning the day after the 2012 congressional election is held in Arizona.

The day after commencing this action the plaintiff filed a Motion to Convene a Three-Judge Statutory Court pursuant to 28 U.S.C. § 2284(a). The Court, prior to the defendants appearing in this action, granted the motion and notified Chief Judge Kozinski of the Ninth Circuit Court of Appeals of its order so that a three-judge court could be designated. The AIRC defendants shortly thereafter filed their pending motion for reconsideration and the Court ordered the parties to fully brief the motion and informed Chief Judge Kozinski of the filing of the reconsideration motion. As a result of the pendency of the reconsideration motion, the requested three-judge court has not yet been designated.

When an application to convene a three-judge court is made to a district court, a single district judge has the authority to determine if three judges are

statutorily required, 28 U.S.C. § 2284(b)(1), which they are "when an action is filed challenging the constitutionality of the apportionment of congressional districts[.]" 28 U.S.C. § 2284(a). In making this determination, the court's inquiry is limited to whether (1) the constitutional question sought to be raised is substantial, (2) whether the complaint at least formally alleges a basis for equitable relief, and (3) whether the case presented otherwise comes within the jurisdiction of the statute. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715 (1962); Sellers v. Regents of Univ. of California, 432 F.2d 493, 498 (9th Cir.1970). The AIRC defendants argue that a three-judge court is not required in this action on two grounds: first, because the plaintiff has raised a constitutional challenge to a provision in the Arizona Constitution, i.e., Proposition 106, and not to a specific apportionment plan as required by § 2284(a); and second, because the plaintiff's claim is "insubstantial" in that injunctive relief is not available.

As to the first issue raised by the AIRC defendants, which goes to the third Idlewild factor, the Court agrees with the plaintiff that the AIRC defendants' argument, the gist of which is that § 2284(a) is not applicable because the plaintiff "is only challenging 'how' congressional districts are apportioned in Arizona rather than any specific apportionment[,]" in effect elevates form over substance. While this may not be the typical § 2284(a) case, the Court is persuaded that § 2284(a), narrowly construed, encompasses this action in that it is clear from the FAC that the plaintiff is in fact challenging the legitimacy of Arizona's apportionment scheme and its existing congressional districts. As noted by the plaintiff, it is seeking a declaratory judgment not only that the existing state apportionment process is unconstitutional but also that the fruits of that process, i.e., the currently drawn congressional districts, are also unconstitutional, as well as permanent injunctive

relief barring the enforcement of the challenged process and the congressional maps resulting from that process. *See* Page v. Bartels, 248 F.3d 175, 190 (3rd Cir.2001) ("[T]he legislative history of the 1976 revisions to 28 U.S.C. § 2284 clearly demonstrates that Congress was concerned less with the *source* of the law on which an apportionment challenge was based than on the unique importance of apportionment cases generally. The Senate Report, for example, consistently states that three-judge courts would be retained ... in any case involving congressional reapportionment[.] ... Questions regarding the legitimacy of the ... apportionment (and particularly its review by the federal courts) are highly sensitive matters, and are regularly recognized as appropriate for resolution by a three-judge district court.") (Emphasis included in original; internal quotation marks omitted.)

As to the second issue, which goes to the first Idlewild factor, the AIRC defendants argue that a three-judge court is not appropriate because the plaintiff's constitutional claim is insubstantial. The Supreme Court has described a constitutionally insubstantial claim for three-judge court purposes as being "essentially frivolous," "wholly insubstantial," "obviously frivolous," and "obviously without merit[,]" and has stated that

> [t]he limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for purposes [of the statutory three-judge court.] A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.

Goosby v. Osser, 409 U.S. 512, 518 (1973); *accord*, Connolly v. Pension Benefit Guaranty Corp., 673 F.2d 1110, 1114 (9th Cir.1982); Lopez v. Butz, 535 F.2d 1170,

1171 (9th Cir.1976); *see also*, Kalson v. Paterson, 542 F.3d 281, 288 n.13 (2d Cir.2008) ("Although the early cases establishing the 'insubstantial claim' exception arose under the pre-1976 versions of the three-judge court requirement, there is no reason to think that the 1976 amendment intended to alter the exception.")  The contention of the AIRC defendants is that the plaintiff's constitutional claim is insubstantial based on their defense of laches, *i.e.,* that the plaintiff is not entitled to injunctive relief because it unreasonably delayed in filing this action given that Proposition 106 was enacted in 2000.

The Court cannot conclude that the plaintiff's constitutional claim is clearly without merit for the purpose of the three-judge court determination based on the AIRC defendants' laches defense.  While such a defense may subsequently be found to be meritorious, at this nascent stage of the litigation the Court's focus is on whether the plaintiff's constitutional claim is so obviously foreclosed by the laches defense that there can be no controversy on the issue as a matter of law, *i.e.,* that the governing law leaves no room for any conclusion other than that the doctrine of laches bars all relief sought by the plaintiff.  The AIRC defendants have made no such showing in light of the existence of such issues as whether the equitable defense of laches is even applicable to this situation given that the plaintiff is a governmental entity pursuing a constitutional claim as the representative of the people of Arizona, and if the defense is applicable, whether this particular plaintiff's lack of diligence was responsible for the twelve-year delay in raising the constitutional claim at issue, and whether the AIRC defendants suffered any legally significant prejudice from the plaintiff's delay.[2]

---

[2] While the sufficiency of the FAC is being challenged by the AIRC defendants in their pending Motion to Dismiss, filed pursuant to Fed.R.Civ.P.

Because the Court finds that the constitutional claim in the FAC falls within the purview of § 2284(a) and is substantial, the Court reaffirms its prior decision that the convening of a three-judge court is required in this action. Therefore,

IT IS ORDERED that Plaintiff's Rule 1 Motion (Doc. 23) is denied as moot.

IT IS FURTHER ORDERED that the AIRC Defendants' Motion for Reconsideration of the Court's June 13, 2012 Order Granting Plaintiff's Motion to Convene a Three-Judge Statutory Court (Doc. 9) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall notify the Honorable Alex Kozinski, Chief Judge of the Ninth Circuit Court of Appeals, of this Order so that he may designate the other two judges of the three-judge court as required by 28 U.S.C. § 2284(b)(1).

DATED this 12th day of August, 2013.

Paul G. Rosenblatt
United States District Judge

---

12(b)(6), the resolution of that motion must be made by the statutory three-judge court. *See* Lopez v. Butz, 535 F.2d at 1172 ("Because a three-judge court was required, the single district judge was without authority to determine the merits of [the plaintiff's] claims."); 28 U.S.C. § 2284(b)(3) ("A single district judge shall not ... enter judgment on the merits [in any action required to be heard and determined by a three-judge court.]"