**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona State Legislature,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Independent Redistricting Commission, et al.,<br><br>    Defendants. | No. CV-12-01211-PHX-PGR-MMS-GMS<br><br>ORDER |

Pending before the Court is the Motion to Intervene by Maricopa County, filed January 31, 2014, wherein the County seeks to intervene as a defendant in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2). Having considered the motion, the Court finds that it should be summarily denied as untimely.[1]

In order to establish its right to intervene, the County bears the burden of establishing that all four of the required elements of Rule 24(a)(2) are met. Chamness v. Bowen, 722 F.3d 1110, 1121 (9th Cir.2013). These elements are (1) that it has a significantly protectable interest relating to the property or transaction that is the subject of the action; (2) that the disposition of the action may, as a

---

[1] Judge Schroeder and Judge Snow concur that the County's motion should be denied.

practical matter, impair or impede its ability to protect its interest; (3) that its application is timely; and (4) that the existing parties may not adequately represent its interest. Id.

The third element, timeliness, is the threshold element that must be met and is dispositive here. National Ass'n for Advancement of Colored People v. New York, 413 U.S. 345, 365 (1973) (noting that under Rule 24 "the court where the action is pending must first be satisfied as to timeliness" since an application for intervention must be denied if untimely.); *accord*, League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir.1997) ("Timeliness is the threshold requirement for intervention as of right.") (Internal quotation marks omitted).  While the County conclusorily states that its motion is timely, it makes no effort to discuss, much less establish, that its intervention request is timely under all of the circumstances.  In order to evaluate timeliness, the Court must consider (1) the stage of the proceeding at which the applicant seeks to intervene; (2) prejudice to the other party; and (3) the reason for and the length of the delay. United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir.2004).

The first timeliness element clearly does not favor intervention as this action had reached a critical and advanced stage prior to the filing of the County's motion. Here, intervention was not sought until after the parties' dispositive motions had all been fully briefed, the Court had held oral argument on those motions and had taken them under advisement, leaving the issuance of the Court's ruling the only thing remaining to be done to resolve this action. See Chamness, 722 F.3d at 1121-1122 (concluding that the denial of Rule 24(a)(2) motion was not an abuse of discretion when the motion was not filed until after a summary judgment motion had been fully briefed and had been taken under advisement by the court.); *see also*, Wilson, 131

F.3d at 1303 ("We believe that the fact that the district court has substantively - and substantially - engaged the issues in this case weighs heavily against allowing intervention as of right under Rule 24(a)(2).")

The second timeliness element cannot be adequately analyzed by the Court because the County fails to explain what role its wishes to play in this action if it is permitted to intervene as a defendant, other than to state that it takes no position on the merits of the action. Given the County's failure to show that there would not be any prejudice to the other parties by its intervention, the Court cannot at this late date in the litigation conclude that this element weighs in favor of intervention.

The third timeliness element also militates against intervention. In assessing the length of the delay, the Court's focus must be on the date the County should have been aware that its interests were no longer being protected adequately by the parties. Chamness, 722 F.3d at 1121. The Court cannot make that assessment here due to the County's total failure to offer any explanation for its delay in seeking to intervene. *See* Wilson, 131 F.3d at 1304 (noting that even more damaging than a 27 month delay in requesting intervention was the applicant's failure to adequately explain the reason for its delay.) All the Court can determine from the County's motion is that it waited almost twenty months after the commencement of this action to seek intervention. While that delay is not determinative of timeliness by itself, it is a substantial lapse of time that weighs strongly against intervention. Alisal Water Corp., 370 F.3d at 921; Wilson, 131 F.3d at 1302.

Since the County has failed to meet its threshold burden of establishing that its motion to intervene is timely, the Court need not, and does not, address the three remaining factors of Rule 24(a)(2)'s intervention standard. Wilson, 131 F.3d at

1302.  Therefore,

IT IS ORDERED that the Motion to Intervene by Maricopa County (Doc. 49) is summarily denied as untimely.

DATED this 5th day of February, 2014.

Paul G. Rosenblatt
United States District Judge